HERBER *v.* KONTRANOWSKI.

1. TRIAL—CASES AT ISSUE AFTER TERM BEGINS—NOTICE TO PUT ON CALENDAR.

When causes become at issue after the commencement of a regular term of court, or within 14 days before commencement of term, they may be put upon the calendar of that term on 14 days' notice by either party (3 Comp. Laws 1915, § 12577), but in the absence of such notice, they stand for trial at the next regular term of court.

2. SAME—COURT WITHOUT AUTHORITY TO ORDER HEARING ON MERITS
   WITHOUT SUFFICIENT NOTICE.
   Where a bill to abate a private nuisance was filed June
   17, 1927, hearings had on July 15th and 23d, but no rulings
   made, and defendant filed sworn answer on July 27th, the
   court was without authority to make an order, on August
   9th, against defendant's objection, setting the cause for
   hearing on the merits on August 15th.

Appeal from Bay; Houghton (Samuel G.), J.   Submitted June 12, 1928.   (Docket No. 102, Calendar No. 33,440.)   Decided July 24, 1928.

Bill by Henry Herber and another against Lawrence Kontranowski to abate a private nuisance.   From a decree for plaintiffs, defendant appeals.   Reversed and remanded.

*Selwyn A. Lambert,* for plaintiffs.

*Patterson & Smith,* for defendant.

FEAD, C. J.    Bill was filed June 17, 1927, to abate a private nuisance, an alleged "spite" fence, and preliminary order was issued to defendant to show cause why an order should not be made to compel him to remove the fence and an injunction be granted to restrain interference with plaintiffs in removing it. Hearing was had July 15th and 23d on the order to show cause, and some testimony presented by both sides, but no ruling thereon was made by the court. Defendant filed sworn answer July 27th.    August 9th, the court made an order, setting the cause for hearing on the merits on August 15th.    August 10th, defendant filed a motion, unverified, asserting that he could not get ready for hearing on such short notice because of absence of witnesses, objecting to the court's putting the cause on the calendar of the current term and in vacation, and moving that it be placed on the calendar of the next ensuing regular September term

of court. No further testimony was taken nor trial proceedings had except that plaintiffs appeared for hearing on August 15th and defendant did not appear. On August 17th, the court filed an opinion holding the plaintiffs entitled to relief and on October 13th, without intermediate proceedings, entered final decree of abatement in substantial accord with the prayer of the bill.

The question is whether the court, on its own motion and over objection of defendant, had authority to set the cause for final hearing on the merits during the pendency of the term at which issue was joined. Plaintiffs have not attempted to justify the practice here pursued. When causes become at issue after the commencement of a regular term of court, or within 14 days before commencement of term, they may be put upon the calendar of that term on 14 days' notice by either party. 3 Comp. Laws 1915, § 12577. In the absence of such notice, they stand for trial at the next regular term of court. The court was without authority to order the hearing of August 15th on the merits and enter final decree thereon.

The decree will be set aside, with costs to defendant, and the cause remanded for hearing on pleadings and proofs.

NORTH, FELLOWS, WIEST, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.